## JONES *v.* FENN.

There being, on the trial of an equitable petition brought by a sister against her brother to compel him to convey to her an undivided half of certain land, evidence showing that the deceased mother of these parties had in her lifetime purchased the land in dispute from another, paying to the latter a portion of the purchase-money, and evidence warranting a finding that she had subsequently agreed with the son that, upon his paying the balance of the purchase-money, a conveyance should be made to her 'for life, with remainder in fee to him and his sister as tenants in common; and also evidence showing that the son in fact paid the balance of the purchase-money, but took title to himself in fee; and it being under the evidence an open question whether or not this act of the son was acquiesced in and ratified by the mother, the case should have been submitted to the jury, and not disposed of by the granting of a nonsuit. If there was such an agreement between the son and the mother as that above indicated, but she nevertheless acquiesced in and ratified his act in taking

the title to himself alone, the plaintiff could not recover; but if there was such an agreement, and the mother did not so acquiesce in the son's act in taking title to himself alone, an implied trust arose in favor of the daughter for an undivided half of the land in question, after the death of the mother. Under such circumstances, she would be entitled to the relief sought.

Argued October 23, — Decided November 30, 1897.

Equitable petition. Before Judge Smith. Wilcox superior court. March term, 1897.

*Cutts & Lawson,* for plaintiff.

LITTLE, J. The questions which arise in this case are the result of the following facts: In 1889, Mrs. M. T. Fenn, who was the mother of both of the parties to this suit, purchased from one Ashley a certain tract of land, and agreed to pay for the same the sum of $300. She did in fact pay $200. In March, 1890, her son, S. R. Fenn, paid Ashley the balance due, and had Ashley to make a deed conveying the land to him in fee simple. On receiving the deed, S. R. Fenn delivered it to his mother; when he delivered it, Mrs. Fenn, after reading it, said to him, "Sam, this deed is not like I wanted it. I told you I wanted you and Rena to have the land after my death, and I was to have it during my life." To this statement made by his mother, S. R. Fenn made no denial, but said, that was all right, that he would take care of the family. The evidence further shows that after this, Mrs. Fenn kept the deed in her possession until her death, which occurred about four years afterwards, and that during the time she made no complaint about the deed, and made no effort to have it changed. It was also in evidence that the family was supported by S. R. Fenn, except in so far as the support was had from the place itself. The plaintiff in error, the sister of the defendant, and the person referred to as "Rena" in the conversation had between the mother and son at the time the latter delivered the deed, brought an equitable petition against her brother, S. R. Fenn, and prayed that he be enjoined from selling or otherwise disposing of her undivided half-interest in the land, and that a decree be granted requiring him to make to her a deed to the same. This, together with the fact that the mother is

deceased, constitutes the case submitted by the plaintiff in error. On the trial below the judge granted a nonsuit, of which complaint is made.

The headnotes given above need but little elaboration. We think that the court erred in granting the nonsuit, for several reasons. The first is, that Mrs. Fenn, the mother, having contracted to purchase this land in her own name, and paid two thirds of the purchase-money, she was thereby entitled to hold it and dispose of it according to her own wishes, subject to the payment of the balance of the purchase-money. The evidence does not, except by inference, disclose what agreement was made between the mother and the son at the time the latter paid $100, balance of the purchase-money, and took the deed directly to himself. But the evidence does show that the fact that he took title in his own name was not satisfactory to the mother, who was, even after the deed was made, the equitable owner of two thirds of the land. It was evident that at that time she wished the deed so made that she could use it for life, with remainder to her son and daughter equally. The plaintiff in error alleges in her petition that such was the contract between Mrs. Fenn and her son prior to the execution of the deed to the latter; and it was claimed by the plaintiff in error that from this evidence the jury might conclude that such a contract was made. Without ourselves saying that such is the effect of the evidence, we do say that at least it tended to establish the fact that the mother contemplated that the deed which was made to her son ought to have accomplished that result. To what extent it did do so, being a question of fact, is for the jury.

It will be noticed that the deed made by Ashley to S. R. Fenn is not sought to be reformed. The plaintiff in error places her case on another ground, that is, that the contract made between the mother and the son was, to have the deed so made as to vest in the plaintiff in error title in remainder to one half-interest in the land, and inasmuch as it had failed through the fault of her brother, that in equity and good conscience the brother should convey to her, in pursuance of the agreement entered into between her mother and himself, an

undivided half-interest in the land.   If such was the original intention and object of the mother, her failure to have the deed reformed so as to speak her wishes, at least to the extent of her interest, might have arisen in her acquiescence in the terms of the deed as made, and her ratification of the same.   Even if there had been an agreement between the mother and the son that she should carry out her original purpose, she nevertheless had the right after its execution to change her mind, and by acquiescence adopt the deed as made.   Whether she did so or not is another question for determination by the jury.   Of course, if she did, the plaintiff in error would not be entitled to a decree; but if in fact there was any such agreement as is alleged by the plaintiff in error, then the act of S. R. Fenn in taking title to himself alone, unless ratified by the mother, or acquiesced in by her for such a length of time or under such circumstances as amounted to ratification, would raise an implied trust in favor of the daughter for an undivided one-half interest after the death of the mother; and if such should be determined to be the case, the plaintiff in error would be entitled to relief.   The determination of the questions of fact above referred to, and others which arise in the case, should have been given to the jury under proper instructions by the court; and whether the plaintiff in error is or is not entitled to any relief under the circumstances of the case, would rest upon their finding on the facts.   The judgment of the court below granting the nonsuit is      *Reversed.   All the Justices concurring.*